**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**FRED REEVES,**

        **Plaintiff,**                **CIVIL ACTION NO. 09-CV-10322-DT**

   **vs.**

                                      **DISTRICT JUDGE GEORGE CARAM STEEH**

**KAREN PETERS,**                **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et. al,**

        **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**      **RECOMMENDATION:**      Defendants' Motion to Revoke *in forma pauperis* Status Under § 1915(g) filed on March 6, 2009 (docket no. 25) should be **GRANTED** and this action should be **DISMISSED** without prejudice to Plaintiff refiling the action and paying the filing fee.

In light of the above recommendation, Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies as Required by 42 U.S.C. § 1997e(a) (docket no. 26) should be **DENIED** without prejudice to the motion being reconsidered should the above recommendation not be adopted.

**II.**      **REPORT:**

This matter comes before the Court on Defendants' Motion to Revoke *In Forma Pauperis* Status under § 1915(g) filed on March 6, 2009. (Docket no. 25). Plaintiff has responded to the motion. (Docket no. 29). Defendants filed a Reply brief. (Docket no. 30). Defendants have also filed a Motion to Dismiss for Failure to Exhaust Administrative Remedies. (Docket no. 26). Plaintiff filed a Response to that motion. (Docket no. 28). Defendants filed a Reply brief. (Docket

no. 31). The case was referred to the undersigned for all pretrial proceedings. (Docket no. 6). Defendants' motions are now ready for ruling. The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).

### A.     Factual Background and Claims

In this prisoner civil rights action Plaintiff names as defendants the health manager and eight nurses at his prison. (Docket no. 1). Plaintiff has been granted IFP status. (Docket no. 3). He alleges in his Complaint that he is being denied medical attention for heart problems in retaliation for his filing prior lawsuits. (Docket no. 1 at 7). Plaintiff claims that on July 24, 2008 he experienced heart problems which nitroglycerine did not relieve. He went to healthcare but nothing was done to help him. Plaintiff further alleges that on July 25, 2008 he informed Nurse Lewis that he was having chest pains and that nitroglycerine was not helping. (*Id*.). He was told to stay in his cell and that the doctor would see him. On July 29, 2008 Plaintiff states that he gave a nurse a health care "kite" for heart pain, but the kite was not processed. (*Id*. at 8). On July 30, 2008 Plaintiff alleges that he was admitted to a hospital.

Plaintiff further alleges that on November 9, 2008 he gave Nurse Lemma a kite for pain but the nurse refused to turn in the kite. (*Id*.). On December 17, 2008 Plaintiff alleges that he ran out of medication, and Defendants refused to provide more medication. He states that on December 21, 2008 he was admitted to the hospital due to the lack of medication. (*Id*.). For relief, Plaintiff seeks an order prohibiting Defendants from retaliating due to prior lawsuits and ordering Defendants to provide proper healthcare to him. (*Id*. at 9).

Plaintiff concedes in his Complaint that he has had at least three previous actions dismissed for failure to state a claim upon which relief could be granted. (Docket no. 1 at 5). He alleges that

he may proceed IFP in this action because he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Defendants move to dismiss on the basis that Plaintiff has not shown that he is under imminent danger of serious physical injury pursuant to section 1915(g). (Docket no. 25).

**B.   Standard**

Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

**C.   Analysis**

Plaintiff concedes that he has had three prior "strikes," or dismissals that are recognized under section 1915(g). (Docket no. 1 at 5). Records of this court confirm that Plaintiff has suffered at least three previous dismissals recognized under this section. *Reeves v. Peters*, No. 08-13625 (E.D. Mich. Oct. 22, 2008) (Recommendation that IFP status be denied to Plaintiff under section 1915(g)). In that action, Plaintiff's application to proceed IFP was denied, and the action was dismissed without prejudice. (*Id.* Order Dismissing Complaint of Mar. 3, 2009). Therefore, Plaintiff is subject to the three strikes provision of section 1915(g).

Under section 1915(g), Plaintiff may proceed IFP in this action only if he is "under imminent danger of serious physical injury." Plaintiff argues that he is under imminent danger because "to this day" he is being denied medication and medical treatment. (Docket no. 29 at 1). The danger

under section 1915(g) must be imminent at the time that the complaint is filed. *Peoples v. Gilbert*, 2001 WL 1219070 (E.D. Mi. Sept. 14, 2001) (dismissing complaint without prejudice to it being refiled upon payment of applicable filing fee). An allegation of danger faced in the past is not sufficient. (*Id*.). In *White v. Colorado*, 157 F.3d 1226 (10th Cir. 1998), the court found that the plaintiff's allegations that he had been deprived of life sustaining medication, medical treatment, and otherwise allowed to suffer great pain failed to show that he was under imminent danger of serious physical injury because of the failure to specify even the general nature of the serious physical injury he asserted was imminent. (*Id*. at 1232).

Plaintiff's Complaint cites specific examples of his allegedly being denied health care in the past, specifically on July 24, July 25, July 29, November 9, and December 17, 2008. (Docket no. 1). These allegations of danger in the past are not sufficient to show an imminent danger under section 1915(g). *Peoples*, 2001 WL 1219070. Moreover, as in *White*, Plaintiff has failed to specify any serious physical injury which might be imminent. Although Plaintiff claims that there is "an ongoing pattern of retaliation" by denying him treatment and medication, there is no showing that this presents an imminent danger of serious physical injury. (Docket no. 29 at 3).

Accordingly, Plaintiff should not be permitted to proceed IFP in this action. The grant of IFP status should be revoked and this action should be dismissed without prejudice to Plaintiff refiling the action upon payment of the applicable filing fee. *Peoples*, 2001 WL 1219070 slip op. at *2.

In light of the above recommendation, Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies (docket no. 26), the granting of which would not result in the entire action

being dismissed, should be denied without prejudice to it being reconsidered should the above recommendation not be adopted.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 19, 2009            s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Fred Reeves and Counsel of Record on this date.

Dated: March 19, 2009                          s/ Lisa C. Bartlett
                                                                    Courtroom Deputy