UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED DANIEL REEVES, JR.,

    Plaintiff,

vs.                                                      Case No. 09-10322
                                                       HON. GEORGE CARAM STEEH

KAREN PETERS, et al.,

    Defendants.

_____/

## **ORDER ACCEPTING REPORT AND RECOMMENDATION (# 33)**

Plaintiff Fred Daniel Reeves, Jr. (Reeves), a Michigan prisoner appearing pro per, filed the present action under 42 U.S.C. § 1983, alleging that Defendants are violating his Constitutional rights by withholding medication and medical treatment, purportedly as retaliation for Reeves' filing prior lawsuits against prison officials. Defendants filed two motions seeking dismissal of Reeves' Complaint, namely: (1) a motion to revoke Reeves' *in forma pauperis* (IFP) status (Docket # 25); and (2) a motion to dismiss for Reeves' failure to exhaust administrative remedies (Docket # 26). The Court referred all pre-trial matters, including these two motions, to Magistrate Judge Mona K. Majzoub.

On March 19, 2009, Magistrate Judge Majzoub issued a report and recommendation (Docket # 33), recommending that the Court grant Defendants' motion to revoke Reeves' IFP status and that the Court dismiss this matter, without prejudice to Reeves' refiling the action after paying the full $350 filing fee. Specifically, Magistrate Judge Majzoub found that Reeves' IFP status should be revoked since Reeves' had three prior "strikes" under

28 U.S.C. § 1915(g) (*i.e.* three prior lawsuits "dismissed on the grounds that [they were] frivolous, malicious or fail[ed] to state a claim upon which relief may be granted...") and that Reeves' failed to show that he "is under imminent danger of serious physical injury," which is a stated exception to Section 1915(g)'s three-strikes rule.

Magistrate Judge Majzoub further recommended that the Court deny, without prejudice, Defendants' motion to dismiss for failure to exhaust administrative remedies, since the issues raised in that motion are moot as it was recommended that the Court revoke Reeves' IFP status and dismiss this case without prejudice. Reeves' filed timely objections (Docket # 37) to Magistrate Judge Majzoub's report and recommendation, which the Court reviewed.

## STANDARD OF REVIEW

"A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). *See also* E.D. Mich. LR 72.1(d)(2). Issues raised on objection in a perfunctory manner are deemed waived. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

## DISCUSSION

Section 1915(g) provides that:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

2

unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Reeves concedes in his Complaint that he has three prior "strikes" under Section 1915(g).  See Complaint, p. 2a.  Records of this Court confirm that the Court dismissed three prior cases filed by Reeves and that these dismissals fell under the auspices of Section 1915(g).[1]  Recognizing that he has three strikes against him, Reeves argues that the present case falls within the "imminent danger of serious physical injury" exception of Section 1915(g).  In this regard, Reeves argues that he is under imminent danger because "to this day" he is being denied medication and medical treatment.

Specifically, Reeves alleges in his Complaint that he is being denied medical attention for heart problems in retaliation for his filing prior lawsuits.  See Complaint, p. 3a.  Reeves claims that on July 24, 2008 he experienced heart problems which "nitro pills" did not relieve, that Defendant Lewis (a prison nurse) ignored his complaints and instead sent him back to his cell.  Id.  Reeves also claims that on July 29, 2008 he gave Defendant Devooght (another nurse) a health care "kite" for heart pain, but that the kite

---

[1] See Reeves v. Peters, Case No. 08-13625 (E.D. Mich.) (denying Reeves IFP status and dismissing case without prejudice, pending payment of $350 filing fee). Indeed, in Reeves v. Peters, Magistrate Judge Binder recommended that Reeves be denied IFP status precisely because Reeves had three "strikes" against him and further recommended that Reeves did not meet the "imminent danger" exception of Section 1915(g).  Judge Luddington adopted Magistrate Judge Binder's report and recommendation in all respects, over Reeves' objections.  Though not dispositive of the issues before the Court in the present case, it is noteworthy that in Reeves v. Peters, Reeves sued many of the same nurses named as Defendants in the present suit. However, in the prior case before Judge Luddington, Reeves alleged that Defendants were violating his constitutional rights by preventing him from visiting an eye doctor (which allegedly placed him in "imminent danger").

was not processed.[2]  *Id.* at 3b.  Reeves further alleges that on November 9, 2008 he gave Defendant Lemma (also a nurse) a "kite" for pain, but that Defendant Lemma refused to turn in the kite.  *Id.*  Reeves also alleges that on December 17, 2008, he ran out of his prescribed blood pressure, heart and asthma medication, and that Defendants refused to provide more medication. *Id.*  Reeves states that on December 21, 2008 he was admitted to the hospital due to the lack of medication. *Id.* For relief, Reeves seeks an order prohibiting Defendants from retaliating due to prior lawsuits and ordering Defendants to provide proper healthcare to him.  *Id.* at 9.

In the report and recommendation, Magistrate Judge Majzoub found that Reeves' "failed to specify any serious physical injury which may be imminent" and that "allegations of danger in the past are not sufficient to show an imminent danger under Section 1915(g)."  In support of these conclusions, Magistrate Judge Mazjoub cited *People v. Gilbert*, 2001 WL 1219070 (E.D. Mich. Sept. 14, 2001) and *White v. Colorado*, 157 F.3d 1226 (10th Cir. 1998) (finding that the plaintiff's allegations that he had been deprived of life sustaining medication, medical treatment and otherwise allowed to suffer great pain failed to show that the plaintiff was under imminent danger of serious physical injury because the plaintiff failed to specify even the general nature of the physical injury he asserted was imminent).

The Court agrees with the reasoning and conclusion of Magistrate Judge Majzoub, and finds that Reeves' objections are immaterial.  Reeves has not sufficiently alleged that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[2] A "kite" appears to be prison slang for a written communication/request from a prisoner to prison staff.

## **CONCLUSION**

On de novo review, the Court concludes that Magistrate Judge Majzoub's report and recommendation is sound and well-reasoned. Accordingly, for the reasons set forth above, the March 19, 2009 report and recommendation is hereby ACCEPTED as the findings and conclusions of the Court. Reeves' objections are hereby OVERRULED. Accordingly,

Defendants' motion to revoke Reeves' IFP status (Docket # 25) is hereby GRANTED. Reeves' IFP status is hereby REVOKED and this matter is DISMISSED, without prejudice to Reeves' refiling this action upon payment of the full filing $350 fee pursuant to 28 U.S.C. § 1914. Furthermore, Defendants' motion to dismiss for failure to exhaust administrative remedies (Docket # 26) is hereby DENIED, without prejudice. Should Reeves' elect to pay the $350 filing fee and re-file this action, Defendants would be permitted to seek dismissal based upon Reeves' purported failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated: July 2, 2009

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 2, 2009, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---